jurisdiction of the United States and possession with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C.App. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). Because the record supports a finding that Garcia neither played a mitigating role in relation to the relevant conduct attributed to him nor was he substantially less culpable than most of the other participants in the relevant conduct, the district judge did not clearly err by denying him a minor-role reduction. Accordingly, his sentence is **AFFIRMED**.

Before TJOFLAT, BARKETT and HILL, Circuit Judges.

PER CURIAM:

We have carefully reviewed the briefs, record and order of the district court. Finding no reversible error in the Order of the Honorable Avant Edenfield dated and filed September 19, 2005, the judgment of the said court granting summary judgment in favor of defendant-appellee is

AFFIRMED.

Matthew CONKLIN, Plaintiff–Appellant,

v.

ENGLEHARD CORPORATION, Defendant–Appellee.

No. 05–16383
Non–Argument Calendar.
D.C. Docket No. 04–00208–CV–4.

United States Court of Appeals,
Eleventh Circuit.

Feb. 27, 2006.

Fred S. Clark, Clark & Clark, Savannah, GA, for Plaintiff–Appellant.

R. Lee Creasman, Jr., Stanford G. Wilson, Elarbee, Thompson, Sapp & Wilson, LLP, Atlanta, GA, for Defendant–Appellee.

UNITED STATES of America, Plaintiff–Appellee,

v.

Alavaro BOLANOS–MUNOZ, et al., Defendants–Appellants.

No. 02–15861
Non–Argument Calendar.
D.C. Docket No. 01–00294–CR–T–17.

United States Court of Appeals,
Eleventh Circuit.

Feb. 27, 2006.